IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR COLUMBIA COUNTY, FLORIDA

HENRY D. MOSKAU, JR. and
VICKIE H. MOSKAU,

    Plaintiffs,

CASE NO.: _____

vs.

UNITED SEATING AND MOBILITY, LLC,
d/b/a NUMOTION,

    Defendant.
_____/

## COMPLAINT

The Plaintiffs, HENRY D. MOSKAU, JR. (hereinafter HENRY MOSKAU) and VICKIE H. MOSKAU (hereinafter VICKIE MOSKAU), by and through the undersigned counsel, sue the Defendant, UNITED SEATING AND MOBILITY, LLC, d/b/a NUMOTION (hereinafter NUMOTION) and assert that at all times material:

### COUNT I

1. This is an action for damages that exceed the sum of THIRTY THOUSAND ($30,000.00) DOLLARS, exclusive of interest, costs, and attorney's fees.

2. HENRY MOSKAU and VICKIE MOSKAU are, and were, husband and wife and residents of Pearl River, St. Tammany Parish, Louisiana.

3. Defendant is, and was, a Missouri Limited Liability Company doing business in the state of Florida.

4. Defendant specializes in the sale of customized wheelchairs and medical equipment.

5. Defendant has a principal address of 805 Brook Street, Rocky Hill, Connecticut, and a registered agent at Registered Agents, Inc., 7901 4th Street North, Suite 300, St.

Petersburg, Pinellas County, Florida, 33702 and further transacts business within the State of Florida

6. HENRY MOSKAU, who is paralyzed, purchased a Permobil F3 electric wheelchair from NUMOTION in July of 2018.

7. NUMOTION had exclusively provided all of the repairs and maintenance to HENRY MOSKAU'S Permobil wheelchair, since its original purchase.

8. Specifically, on August 16, 2019, a NUMOTION technician provided maintenance on the wheelchair, which included replacing an arm trough and back cushion.

9. On or about February 22, 2020, HENRY MOSKAU was on vacation with his family and was in a hotel room in Lake City, Columbia County, Florida.

10. On that date in Lake City, Florida, HENRY MOSKAU was properly back-tilting in his Permobil wheelchair to relieve pressure from a pressure wound when the entire back shell of the wheelchair came off, throwing him to the floor and causing him injuries.

11. A subsequent inspection of the wheelchair by a NUMOTION technician revealed that the lateral support hardware had been missing.

12. NUMOTION had a duty to use reasonable care when providing repairs or maintenance to HENRY MOSKAU'S Permobile wheelchair.

13. NUMOTION breached that duty when it negligently provided repairs and maintenance to HENRY MOSKAU'S wheelchair by failing to replace its lateral support hardware.

14. As a direct and proximate result of the foregoing negligence, HENRY MOSKAU suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity of the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The

losses are either permanent or continuing, and HENRY MOSKAU will suffer the losses in the future.

## COUNT II
## MRS. MOSKAU'S CLAIM FOR LOSS OF CONSORTIUM

15. Plaintiff Vicki Moskau realleges paragraphs 1 through 14 as is full set forth herein.

16. At all times material hereto Mr. and Mrs. Moskau were and are legally married as defined by the laws of the state of Florida.

17. Since the time of the alleged incident in Count I above, Mr. and Mrs. Moskau have lived continually as husband and wife.

18. As a result of the injury sustained by Mr. Moskau as alleged in Count I above, the marital relationship between Mr. Moskau and Mrs. Moskau has been negatively affected.

19. As a direct and proximate result of the negligence of UNITED SEATING AND MOBILITY, LLC, d/b/a NUMOTION, Mrs. Moskau suffered the loss of consortium, society, affection, companionship, assistance, comfort services, and financial and other support of her husband Mr. Moskau.

WHEREUPON Mrs. Moskau seeks damages for loss of consortium and trial by jury for all issues so triable.

WHEREFORE, Plaintiffs sue the Defendant, UNITED SEATING AND MOBILITY, LLC, for compensatory damages and costs and requests a jury trial of all issues so triable.

Dated this 14th day of October, 2022.

                                          **ROBINSON, KENNON & KENDRON, P.A.**

                                          **BY:**   *s/ JENNIFER C. BIEWEND*
                                                     **JENNIFER C. BIEWEND**
                                                     Florida Bar No.: 0877441
                                                     **KRIS B. ROBINSON**

Florida Bar No.: 0247870
582 W. Duval Street
Lake City, Florida 32055
Tel.: 386-755-1334 / Fax 386-755-1336
Primary Email:       jcb@rkkattorneys.com
Secondary Email:     rac@rkkattorneys.com
Primary Email:       kbr@rkkattorneys.com
Secondary Email:     mbd@rkkattorneys.com
Attorneys for Plaintiffs