UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HENRY D. MOSKAU, JR. and
VICKIE H. MOSKAU,

                                     CASE NO: 3:22-cv-01330-HES-JBT

    Plaintiffs,

v.

UNITED SEATING AND
MOBILITY, LLC, d/b/a
NUMOTION,

    Defendant.
_____/

## PLAINTIFFS' FIRST AMENDED COMPLAINT

The Plaintiffs, HENRY D. MOSKAU, JR. (hereinafter HENRY MOSKAU) and VICKIE H. MOSKAU (hereinafter VICKIE MOSKAU), by and through the undersigned counsel, pursuant to Rule 15(a)(2) Fed. R. Civ. P. and Defendant's written consent, file their first amended complaint and assert that at all times material:

### COUNT I

1. This is an action for damages that exceed the sum of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, exclusive of interest, costs, and attorney's fees.

2. HENRY MOSKAU and VICKIE MOSKAU are, and were, husband and wife and residents of Pearl River, St. Tammany Parish, Louisiana.

3. UNITED SEATING AND MOBILITY, LLC d/b/a NUMOTION (hereinafter NUMOTION) is, and was, a Missouri Limited Liability Company doing business in the state of Florida.

4. NUMOTION specialized in the sale of customized wheelchairs and medical equipment.

5. NUMOTION has and had a principal address of 805 Brook Street, Rocky Hill, Connecticut, and a registered agent at Registered Agents, Inc., 7901 4th Street North, Suite 300, St. Petersburg, Pinellas County, Florida, 33702 and further transacts business within the State of Florida.

6. HENRY MOSKAU, who is paralyzed, purchased a Permobil F3 electric wheelchair from NUMOTION in or between April and July of 2018.

7. NUMOTION exclusively provided all of the repairs and maintenance to HENRY MOSKAU'S Permobil wheelchair, since its original purchase.

8. Specifically, on or about October 10, 2019, John Morse, who was a NUMOTION technician, employee or agent, or some other employee or agent of NUMOTION, and acting in the course and scope of his or her employment, provided maintenance on HENRY MOSKAU'S wheelchair, which included replacing a back rest.

9. On or about February 22, 2020, HENRY MOSKAU was on vacation with his family and was in a hotel room in Lake City, Columbia County, Florida.

10. On that date in Lake City, Florida, HENRY MOSKAU was properly back-tilting in his Permobil wheelchair to relieve pressure from a pressure wound when the back or back rest of his wheelchair failed and became separated from the wheelchair, causing HENRY MOSKAU to fall to the floor and be injured.

11. A subsequent inspection of the wheelchair by NUMOTION technician, Eric Boudan, revealed that the lateral support hardware to the wheelchair was missing.

12. NUMOTION had a duty to use reasonable care when providing repairs or maintenance to HENRY MOSKAU'S Permobile wheelchair.

13. NUMOTION breached that duty when it, through its employee or agent, negligently provided repairs and maintenance to HENRY MOSKAU'S wheelchair, including but not limited to, by failing to properly replace the backrest or by failing to replace its lateral support hardware.

14. As a direct and proximate result of the foregoing negligence, HENRY MOSKAU suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity of the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  The losses are either permanent or continuing, and HENRY MOSKAU will suffer the losses in the future.

## COUNT II
## MRS. MOSKAU'S CLAIM FOR LOSS OF CONSORTIUM

15. Plaintiff Vicki Moskau realleges paragraphs 1through 14 as is full set forth herein.

16. At all times material hereto Mr. and Mrs. Moskau were and are legally married as defined by the laws of the state of Florida.

17. Since the time of the alleged incident in Count I above, Mr. and Mrs. Moskau have lived continually as husband and wife.

18. As a result of the injury sustained by Mr. Moskau as alleged in Count I above, the marital relationship between Mr. Moskau and Mrs. Moskau has been negatively affected.

19. As a direct and proximate result of the negligence of NUMOTION, Mrs. Moskau suffered the loss of consortium, society, affection, companionship, assistance, comfort services, and financial and other support of her husband Mr. Moskau.

WHEREUPON Mrs. Moskau seeks damages for loss of consortium and trial by jury for all issues so triable.

WHEREFORE, Plaintiffs sue the Defendant, UNITED SEATING AND MOBILITY, LLC, d/b/a NUMOTION for compensatory damages and costs and request a jury trial of all issues so triable.

                              **ROBINSON, KENNON & KENDRON, P.A.**

                              **BY:**   *s/ Jennifer C. Biewend*
                                         **JENNIFER C. BIEWEND**
                                         Florida Bar No.: 0877441
                                         **KRIS B. ROBINSON**
                                         Florida Bar No.: 0247870
                                         582 W. Duval Street

Lake City, Florida 32055
Tel.: 386-755-1334 / Fax 386-755-1336
Primary Email:   jcb@rkkattorneys.com
Secondary Email:rac@rkkattorneys.com
Primary Email:   kbr@rkkattorneys.com
Secondary Email:
mbd@rkkattorneys.com
Attorneys for Plaintiffs